In re Roy L. KLOBER.

CROCKETT & BROWN, Plaintiff,

v.

Roy Lynn KLOBER, Defendant.

Bankruptcy No. LR 91–437 S.
Adv. No. 91–4074.

United States Bankruptcy Court,
E.D. Arkansas, W.D.

July 16, 1992.

See also 142 B.R. 297; 142 B.R. 300.

Richard Crockett, Little Rock, Ark., for plaintiff.

Jack Sims, Little Rock, Ark., for defendant.

Richard Cox, Hot Springs, Ark., U.S. Trustee.

## ORDER DENYING MOTION TO DISMISS

MARY D. SCOTT, Bankruptcy Judge.

Now before the Court is the Answer and Motion to Dismiss filed on June 27, 1992, by the defendant. The defendant seeks dismissal of the complaint to determine dischargeability on three grounds. First, the defendant asserts that since plaintiff is the former attorney for defendant, plaintiff was first required to "obtain permission before disclosing information gained during the attorney/client relationship." The defendant also asserts that the plaintiff has failed to state a cause of action and has failed to plead fraud with particularity. Inasmuch as the defendant answered the complaint, the latter two grounds are moot.[1]

The defendant has directed the Court to no authority which states that an attorney may not sue his former client under section 523(a)(2)(A) or section 727(a) without first seeking permission from the

---

1. Even had an answer not been filed, the grounds are without merit. Taking the allegations of the complaint as true, this cause should not be dismissed because it does not appear "beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). Further, fraud has been pleaded with sufficient particularity for the defendant to frame his response and formulate discovery.

former client. The allegations of the complaint do not appear to state any particular attorney-client communications; no communications have yet been disclosed. Accordingly, even if disclosure of attorney-client communications were a basis for dismissal, the lack of such disclosure renders dismissal of the complaint inappropriate.

The allegations of the complaint concern plaintiff's attorney's fees, and representations made by the defendant to the Court and counsel regarding those fees. Based upon defendant's statements to the Court and counsel, the plaintiff seeks to have the attorney's fees declared non-dischargeable and also seeks an Order denying the defendant a discharge in bankruptcy. It is well-settled that fee arrangements are not confidential communications. *See In re Grand Jury Proceedings*, 841 F.2d 230, 233 n. 3 (8th Cir.1988). Further, the Bankruptcy Code not only requires disclosure of information regarding attorneys fees, 11 U.S.C. § 329(a), fee arrangements are closely scrutinized by the Bankruptcy Courts, *see* 11 U.S.C. § 329(b). Accordingly, the motion to dismiss, asserting that confidential fee information has been or will be disclosed, is without merit.

ORDERED that the Motion to Dismiss, filed on June 27, 1991, is DENIED.

IT IS SO ORDERED.